IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INGENUITY13 LLC,

    Plaintiff,                                        No. 2:12-cv-1969 MCE CKD

    vs.

JOHN DOE,

    Defendant.                                       ORDER

_____/

        Presently before the court is plaintiff's ex parte application for leave to take expedited discovery, filed on August 3, 2012. (Dkt. No. 6.) Plaintiff has not noticed the ex parte application for hearing. Having reviewed the papers in support of the application, the court concludes that oral argument would not be of material assistance in resolving the application. Accordingly, the application will be decided on the papers submitted.

BACKGROUND

        In this action, originally filed on July 26, 2012, plaintiff filed a complaint for copyright infringement, contributory infringement, and negligence against defendant John Doe. (Dkt. No. 1.) Plaintiff is alleged to be the exclusive holder of the relevant rights with respect to a copyrighted adult entertainment video titled "18 Year Old Girls Play With Toys" (the "Video"). (See Complaint, Dkt. No. 1 ["Compl."] ¶¶ 2-3.) The Video is currently registered in the United

States Copyright Office. (Compl. ¶ 19, Ex. A.)

In the course of monitoring internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Video via the Bit Torrent file transfer protocol. (Compl. ¶¶ 4, 21-24.) Plaintiff claims that on July 12, 2012 at 21:10:24, defendant John Doe, using a specified IP address, without plaintiff's authorization, intentionally downloaded a torrent file particular to plaintiff's Video, purposefully loaded the torrent file into his BitTorrent client, and entered a BitTorrent swarm particular to plaintiff's Video, and reproduced and distributed the Video to numerous third parties. (Compl. ¶¶ 22-23.) Defendant John Doe's actual name is unknown to plaintiff. (Compl. ¶ 4.)

According to plaintiff, only the internet service provider ("ISP") who issued the IP address connected with the unauthorized activity at the particular date and time (in this case, Comcast Cable Communications LLC ["Comcast"]) has the ability to identify John Doe. (Dkt. No. 6-1, ¶¶ 22-24, 28.) Thus, plaintiff seeks an order granting expedited discovery to serve a Rule 45 subpoena on Comcast (or any other entity identified as providing internet services to John Doe at the specified IP address)[1] to obtain the name, address, telephone number, e-mail address, and Media Access Control address of John Doe, thereby permitting plaintiff to amend its complaint to state defendant John Doe's true name and serve him with process.

DISCUSSION

Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or *by court order*." Fed. R. Civ. P. 26(d) (emphasis added). Courts apply a "good cause" standard in considering motions to

---

[1] Plaintiff explains that some ISPs lease or otherwise allocate certain ISP addresses to unrelated, intermediary ISPs. Because the lessor ISPs have no direct relationship with the end user, they may be unable to identify the end user. (Dkt. No. 6-1, ¶ 30.) In the event that Comcast is a lessor ISP, plaintiff also requests authority to subpoena any lessee ISP from whom John Doe's contact information can be obtained.

expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Semitool"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002). Moreover, several unpublished opinions from federal district courts in California, applying the test in Semitool, found good cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions. See e.g. UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v. Does 1-43, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007).

In Arista Records LLC, the plaintiffs alleged that unidentified defendants had used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission. Arista Records LLC, 2007 WL 4538697, at *1. Because the plaintiffs were only able to identify each defendant by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party ISP to identify the Doe defendants' true identities. Id. The court found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward. Id. The court further noted that, without such discovery, plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted works from infringement. Id.

\\\\\

Here, plaintiff has similarly demonstrated its need for expedited discovery. Plaintiff obviously cannot conduct a Rule 26(f) conference with an unidentified defendant and will need to conduct pre-conference discovery to ascertain John Doe's identity, amend its complaint, and move the case forward. There does not appear to be any other way for plaintiff to identify John Doe and pursue the lawsuit to protect its copyrighted Video. Given that plaintiff has identified John Doe by the IP address assigned by Comcast, it seems likely that the requested discovery will identify John Doe. Furthermore, there is some need for exigency given the risk that the information sought may be inadvertently destroyed by Comcast in the ordinary course of business.

The need for expedited discovery must of course be balanced against the prejudice to the responding party. Semitool, 208 F.R.D. at 276. In this case, the responding party is the ISP, Comcast. It is unclear what prejudice Comcast would suffer if ordered to produce the information plaintiff requests. It would not seem to be excessively burdensome for Comcast to identify a single IP address.

Moreover, there is little risk of prejudice to John Doe. "Expedited discovery may be inappropriate where defendants are required to unwarily incriminate themselves before they have a chance to review the facts of the case and to retain counsel." Pod-Ners, LLC, 204 F.R.D. at 676 (citations omitted). However, the expedited discovery requested here is narrowly tailored and only seeks the minimum amount of information needed to identify John Doe – name, address, telephone number, e-mail address, and Media Access Control address. Because the proposed discovery relates only to identifying and contact information, and does not seek early admissions, answers to interrogatories, or depositions during which John Doe may "unwarily" incriminate himself, concerns of undue prejudice are not present here.

In sum, good cause exists for expedited discovery in this matter because plaintiff's need for the discovery outweighs any prejudice to the ISP or the unidentified defendant John Doe.

Accordingly, for the reasons discussed above, IT IS ORDERED that:

1. Plaintiff's ex parte application for leave to take expedited discovery (dkt. no. 6) is granted along the terms outlined in this order.

2. Plaintiff may immediately serve a Rule 45 subpoena(s) on Comcast Cable Communications LLC ("Comcast") or any other entity identified as providing internet services to John Doe at the IP address 98.208.32.103 to obtain the following information about the subscriber John Doe: his *name, address, telephone number, e-mail address, and Media Access Control address*. Each subpoena shall have a copy of this order attached.

3. Comcast, or any other ISP subpoenaed pursuant to this order, shall in turn serve a copy of the subpoena and a copy of this order upon the subscriber (John Doe) within 30 days from the date of service upon it. The ISP(s) may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

4. The subscriber (John Doe) and the ISP(s) shall each have 30 days from the respective dates of service upon them to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) <u>in the district court from which the subpoena is issued</u>. If that period elapses without the filing of a contesting motion, the ISP(s) shall have ten (10) days thereafter to produce the information responsive to the subpoena to plaintiff.

5. Comcast, or any other ISP subpoenaed pursuant to this order, shall preserve any subpoenaed information pending the production of the information to plaintiff and/or the resolution of any timely-filed motion contesting the subpoena.

6. Any ISP that receives a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. Any ISP that elects to charge for the costs of production shall provide plaintiff with a billing summary and cost reports.

\\\\\

7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the complaint.

Dated: August 9, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Ingenuity.1969.exp.disc.wpd